UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

C.D. KOBSONS, INC.,

                 Plaintiff,

   -against-

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

               Defendant.

------------------------------------------------------x

JUDGE SCHEINDLIN

Civil Action No. **07 CV 11034**

**NOTICE OF REMOVAL**



PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above

captioned action is removed by defendant, UNITED NATIONAL SPECIALTY INSURANCE

COMPANY ("United"), from the Supreme Court of the State of New York, New York County,

to the United States District Court for the Southern District of New York, by the filing of this

Notice of Removal with the Clerk of the United States District Court for the Southern District of

New York. As grounds therefor, United states as follows:

1.      This action may be removed to this Court by United pursuant to the provisions of

        28 U.S.C. §§ 1441(a) and 1446.

2.      On or about November 27, 2007, plaintiff, C.D. Kobsons, Inc. ("Kobsons") filed

        an action in the Supreme Court of the State of New York, County of New York,

        entitled *C.D. Kobsons, Inc. v. United National Specialty Insurance Company*,

        Index No. 115771/07 (the "State Court Action"). Copies of plaintiff's Summons

        and Complaint and Order to Show Cause, seeking a temporary restraining order,

        which constitute all process, pleadings and orders served upon United in the State

        Court Action, are attached as Exhibits "A" and "B" respectively.

3.    United purportedly was served with the Summons and Complaint in the State
Court Action on or about November 28, 2007.

4.    This Notice of Removal is filed within thirty days after the Complaint was first
served on the defendant and therefore is timely filed pursuant to 28 U.S.C. §
1446(b).

5.    A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the
adverse party and to the Clerk of the New York Supreme Court, New York
County, is attached as Exhibit "C" and will be filed in the State Court Action and
forwarded to plaintiff upon the filing of this Notice of Removal.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

6.    This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil
action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in
that there is a complete diversity between all parties and the amount in
controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## All Parties are Diverse

7.    As alleged in the Complaint, plaintiff Kobsons is a domestic New York
corporation located in New York, New York (Exhibit "A", Compl. ¶1). Upon
information and belief, plaintiff is a citizen of the State of New York.

8.    United is a corporation of the State of Wisconsin (Exhibit "A", Compl. ¶2), with
its principal place of business in the State of Pennsylvania. Therefore, it is now,
and at the time the State Court Action was commenced, a citizen of Wisconsin
and Pennsylvania for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

9.    There is thus complete diversity of citizenship between plaintiff and defendant.

## The Amount in Controversy Exceeds $75,000

10.     For this Court to have federal subject matter jurisdiction based upon diversity of
        citizenship, the amount in controversy must exceed the sum of value of $75,000,
        exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11.     In the State Court Action, Kobsons' Complaint seeks a declaratory judgment,
        declaring that United is obligated to continue coverage under the insurance policy
        it issued to Kobsons, and which was cancelled on October 30, 2007.

12.     The insurance policy issued to Kobsons, Policy No. M5200158, insured Kobsons'
        property known as 500 West 28th Street, New York, NY, with limits of
        $1,000,000 per occurrence and $2,000,000 general aggregate, as well as $800,000
        for property damage.

13.     Should Kobsons prevail and coverage be reinstated, United could potentially be
        called upon to pay claims totaling up to $2,800,000, the policy limits.
        Accordingly, the amount-in-controversy requirement is satisfied.

14.     Consequently, this action is removable to federal court because there is original
        federal jurisdiction under 28 U.S.C. § 1332.

15.     Accompanying this Notice of Removal are a Civil Cover Sheet, Fed.R.Civ.P.
        Rule 7.1 Disclosure Statement, and a check in the amount of $350.00 for the
        required filing fee.

**WHEREFORE**, defendant United National Specialty Insurance Company removes the State Court Action from the Supreme Court of the State of New York, New York County, to this Court, and prays that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in said state court.

Date:   December 4, 2007

                                   Yours, etc.

                                   NICOLETTI GONSON SPINNER & OWEN LLP

                               By:_____
                                   Edward S. Benson
                                   Attorney Bar Code:  1908
                                   Attorneys for Defendant
                                   UNITED NATIONAL SPECIALTY
                                   INSURANCE COMPANY
                                   555 Fifth Avenue – 8th Floor
                                   New York, New York 10017
                                   (212) 730-7750

TO:

Brill & Associates, P.C.
Attorneys for the Plaintiff
111 John Street, Suite 1070
New York, NY 10038
(212) 374-9101
File No.: 1293-CDK

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

C.D. KOBSONS, INC.,

                    Plaintiff,

         -against-

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                  Defendant.

-------------------------------------------------------------------x

Index No. $115771/07$

Venue: CPLR 503

**SUMMONS**

Plaintiff's Address:
212 West 122nd Street
New York, New York

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint of the plaintiff, C.D.

KOBSONS, INC., copies of which are herewith served upon you, and to serve copies of your

answer upon the undersigned, within (20) days after service upon you of this Summons and

Complaint, exclusive of the day of service, or within (30) days after completion of service where

service is made by any manner other than personal delivery. In case of your failure to answer the

complaint, judgment will be taken against you by default for the relief in the complaint.

Dated: New York, New York
       November 27, 2007

                           Yours, etc.

                           BRILL & ASSOCIATES, P.C.

        By:    Haydn J. Brill
              Attorneys for Plaintiff
              111 John Street, Suite 1070
              New York, New York 10038
              (212) 374-9101
              Our File No: 1293-CDK

To:

UNITED NATIONAL SPECIALTY INSURANCE COMPANY
411 East Wisconsin Avenue, Suite 700
Milwaukee, Wisconsin 53202

UNITED NATIONAL SPECIALTY INSURANCE COMPANY
c/o Superintendent of Insurance for the State of New York.
25 Beaver Street
New York, New York 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

C.D. KOBSONS, INC.,

Index No. 115771/07

Plaintiff,

-against-

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

**VERIFIED COMPLAINT**

Defendant.
------------------------------------------------------------------x

Plaintiff, C.D. KOBSONS, INC., as and for its Verified Complaint for a declaratory

judgment herein, respectfully sets forth and alleges, upon information and belief, as follows:

### THE PARTIES AND JURISDICTION

1.    Plaintiff, C.D. KOBSONS, INC. (hereinafter "KOBSONS") is a domestic

corporation of the State of New York.

2.    That at all relevant times hereinafter mentioned, defendant UNITED NATIONAL

SPECIALTY INSURANCE COMPANY (hereinafter "UNITED") was and still is a foreign

corporation of the State of Wisconsin admitted to issue general liability insurance policies in the

State of New York since May 17, 1999.

3.    That at all times hereinafter mentioned, KOBSONS was and is the owner of

certain real property known as 500 West 28th Street, New York, New York.

4.    That in consideration of the premiums paid, KOBSONS obtained and defendant

UNITED issued·and delivered a general liability insurance policy to KOBSONS known and

designated as policy number M5200158 for a one year term commencing on July 1, 2003.

5.    The aforestated policy issued by UNITED to KOBSONS was renewed on June

15, 2007, for a one year term.

6.    The aforesaid policy procured by KOBSONS and issued by defendant UNITED

was in full force and effect on October 17, 2007 when the New York City Department of

Buildings issued an Emergency Declaration to KOBSONS declaring, 500 West 28th Street, New

York, New York, to be an "unsafe" building.

7.    Thereafter, on or about October 30, 2007, KOBSONS received a Notice of

Cancellation from UNITED stating that coverage will be terminated as of November 27, 2008.

8.    The Notice of Cancellation improperly relied upon Section 3426(c)(1) of the

Insurance Law subsection (E), which states that an insurer issued liability and property insurance

may cancel coverage for any:

> (E). material physical change in the property insured,
> occurring after issuance or last annual renewal anniversary
> date of the policy, which results in the property becoming
> uninsurable in accordance with the insurer's objective,
> uniformly applied underwriting standards in effect at the
> time the policy was issued or last renewed; or material
> change in the nature or extent of the risk, occurring after
> issuance or last annual renewal anniversary date of the
> policy, which causes the risk of loss to be substantially and
> materially increased beyond that contemplated at the time
> the policy was issued or last renewed.

9.    UNITED's purported cancellation of the policy issued to KOBSON's was

improper and not based on any physical change in the insured's property; was not in accordance

with the insurer's objective uniform applied underwriting standards in effect at the time the

policy was renewed; or a material change in the nature or extent of the risks that existed in June,

2007 which caused the risk of loss to be substantially and materially increased beyond that

contemplated at the time the policy was last renewed.

## AS AND FOR A FIRST CAUSE OF ACTION

10.     Plaintiff C.D. KOBSONS, INC. repeats, reiterates and realleges each and every
allegation contained in the paragraphs numbered 1 through 9 of this complaint inclusive with the
same force and effect as if herein again set forth at length.

11.     That an actual controversy has arisen between Plaintiff and Defendant as to
whether Defendant is entitled to cancel the general liability insurance policy it issued to Plaintiff
pursuant to Section 3426(c)(1) of the Insurance Law subsection (E).

12.     Plaintiff has no adequate remedy against UNITED other than to seek an
adjudication of its rights to general liability coverage under the policy issued by UNITED.

13.     Plaintiff will be immediately and irreparably harmed should UNITED cancel the
policy issued to KOBSONS.

14.     Plaintiff will be aggrieved unless the Court makes an immediate declaration of the
obligations of UNITED to continue coverage under the policy.

## AS AND FOR A SECOND CAUSE OF ACTION

15.     Plaintiff KOBSONS  repeats, reiterates and realleges each and every allegation
contained in the paragraphs numbered 1 through 14 of this complaint inclusive with the same
force and effect as if herein again set forth at length.

16.     That defendant UNITED was under a duty to investigate and/or inspect the
subject premises insured by policy number M5200158 when it renewed KOBSONS insurance on
June 15, 2007 and failed to do so.

17.     Defendant UNITED has waived, in whole or in part, its rights to cancel coverage
as a result of any material physical change or material nature in the risk since the subject
premises is in the identical condition that it was on the date of the renewal.

WHEREFORE, plaintiff demands judgment adjudicating its rights to enjoining

UNITED from canceling policy number M5200158, and that this court:

      a. determine and declare that UNITED's termination of coverage be deemed null and void;

      b. determine and declare that pursuant to the insurance procurement contract that 500 West 28th Street is insured by UNITED under a general liability policy to the end of the policy term and any applicable renewals to which KOBSONS may be entitled;

      c. determine and declare that the defendant has waived, and is estopped from canceling coverage to KOBSONS or otherwise restricting the coverage available to the plaintiff ;

      d. granting such other and further relief as to the court may seem just and proper.

Dated: New York, New York
      November 27, 2007

                Yours, etc.

                **BRILL & ASSOCIATES, P.C.**

      By:    Haydn J. Brill
              Attorneys for Plaintiff
              111 John Street, Suite 1070
              New York, New York  10038
              (212) 374-9101

To:

UNITED NATIONAL SPECIALTY INSURANCE COMPANY
411 East Wisconsin Avenue, Suite 700
Milwaukee, Wisconsin 53202

UNITED NATIONAL SPECIALTY INSURANCE COMPANY
c/o  Superintendent of Insurance for the State of New York.
25 Beaver Street
New York, New York  10004

*Attorney Verification*

Haydn J. Brill, an attorney duly admitted to the practice of law in the State of New York, deposes and says:

That he is the attorney for the plaintiff, C.D. KOBSONS, INC., in the within action; that he has read the within Complaint and knows the contents thereof, and that same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the sources of his information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendant is that the defendant is not within the county where deponent has his office.

Dated: New York, New York
       November 27, 2007

                                         _____
                                         Haydn J. Brill

*Index No.:*                                                    *Year*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

C.D. KOBSONS, INC.,

Plaintiff,

-against-

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT FOR A DECLARATORY JUDGMENT

**BRILL & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
*C.D. Kobsons, Inc.*
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101

*To:*

*Attorney(s) for*

*Service of a copy of the within     Summons and Verified Complaint for a Declaratory Judgment*
*is hereby admitted.*

*Dated: November 28, 2007*

..........................................................
*Attorney(s) for Defendant-United National*
*Specialty Insurance Company*

*PLEASE TAKE NOTICE*
NOTICE OF ENTRY
    *that the within is a (certified) true copy of a*
☐ *duly entered in the office of the clerk of the within named Court on*
NOTICE OF SETTLEMENT
    *that an Order          of which the within is a true copy will be presented for*
☐ *settlement to      the Hon.     one of the judges of the within named Court, at          , on        , at*
*M.*
*Dated:*

Yours, etc.
**BRILL & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101

# EXHIBIT B

*IAS Part*

At an ExParte Term of the Supreme of Court of the
State of New York, held in and for the County of
New York, at the Courthouse located at 60 Centre
Street, New York, New York  on the 27 day of
November, 2007.

P R E S E N T :

Honorable  *Edmead*
                              , J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X

C.D. KOBSONS, INC.,                                        Index No. 07/115771

                              Plaintiff,
                                                           ORDER TO
           -against-                                       SHOW CAUSE

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                              Defendant.
————————————————————————X

           Upon the Affirmation of Corey M. Reichardt, Esq., dated November 27th, 2007, and all the

papers and proceedings heretofore had herein,

           LET the Parties/show cause at IAS Term, Part 35, of this court to be held at the

courthouse thereof, located at 60 Centre Street, Room 438 New York, New York 10007, on the

12 day of December, 2007, at 9:30 o'clock in the forenoon of that day or as soon thereafter

as counsel can be heard why an order should not be made and entered herein:

           1. Pursuant to CPLR Section 6313, issuing a Temporary Restraining Order,

              enjoining UNITED NATIONAL SPECIALTY INSURANCE COMPANY from

              terminating the policy it wrote for C.D. KOBSONS, INC. under policy number

              #M5200158 on June 15, 2007;

2. For such other and further relief as the court deems just, proper and equitable in the circumstances. *and cause being alleged*

SUFFICIENT ~~REASON APPEARING~~ THEREFORE, and pending ~~the hearing~~ of *prin apal* this application, the defendant be and ~~are hereby~~ enjoined from terminating the insurance policy *tin* ~~It issued for~~ plaintiff under policy number # MS200158 on June 15, 2007; and *Cancellation took effect*

*cause being alleged*

SUFFICIENT ~~REASON APPEARING~~ THEREFORE, let service of a copy of this order, together with the papers upon which it was granted, upon: defendant, UNITED NATIONAL SEPCIALTY INSURANCE COMPANY ~~via Overnight Mail~~ on or before the *29* day of November, 2007, be deemed good and sufficient. *along with service of the summons and complai* *Personal Service*

*Oral Argument directed:*

ENTER:

_____
J.S.C.

_____
J.S.C.

*Opposition papers shall be filed in Part 35 + served on all parties by December 7, 2007.*

At an Ex Parte Term of the Supreme of Court of the State of New York, held in and for the County of New York, at the Courthouse located at 60 Centre Street, New York, New York on the ___ day of November, 2007.

P R E S E N T:

Honorable _____
                                    , J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X

C.D. KOBSONS, INC.,                          Index No. $115\ 77\!\!/\!07$

                    Plaintiff,

                                              ORDER TO
        -against-                             SHOW CAUSE

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                    Defendant.
————————————————————————X

        Upon the Affirmation of Corey M. Reichardt, Esq., dated November 26, 2007, and all the papers and proceedings heretofore had herein,

        LET the Parties show cause at IAS Term, Part ____, of this court to be held at the courthouse thereof, located at 60 Centre Street, Room ____, New York, New York 10007, on the ____ day of _____, 2007, at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard why an order should not be made and entered herein:

        1. Pursuant to CPLR Section 6313, issuing a Temporary Restraining Order, enjoining UNITED NATIONAL SPECIALTY INSURANCE COMPANY from terminating the policy it wrote for C.D. KOBSONS, INC. under policy number #M5200158 on June 15, 2007;

2. For such other and further relief as the court deems just, proper and equitable in the circumstances.

SUFFICIENT REASON APPEARING THEREFORE, and pending the hearing of this application, the defendant be and are hereby enjoined from terminating the insurance policy it issued for plaintiff under policy number # M5200158 on June 15, 2007; and

SUFFICIENT REASON APPEARING THEREFORE, let service of a copy of this order, together with the papers upon which it was granted, upon: defendant, UNITED NATIONAL SEPCIALTY INSURANCE COMPANY via Overnight Mail on or before the ___ day of November, 2007, be deemed good and sufficient.

ENTER:

_____
                                    J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
——————————————————————————X

C.D. KOBSONS, INC.,                                    Index No.

                          Plaintiff,

          -against-

UNITED NATIONAL INSURANCE,                      **AFFIRMATION IN**
COMPANY                                          **SUPPORT**
                          Defendant.
——————————————————————————X

Corey M. Reichardt, an attorney duly admitted to practice law before the Courts of the

State of New York, affirms that the following is true under the penalties of perjury:

1.    That I am an associate with BRILL & ASSOCIATES, P.C., attorneys for the

plaintiff, C.D. KOBSONS, INC., in this action, and, as such, I am familiar with this action by

virtue of my familiarity with the file maintained by this office.

2.    This affirmation is submitted in support of the instant application pursuant to

CPLR § 6311 for a Preliminary Injunction, enjoining defendant from terminating the insurance

policy it issued to plaintiff under policy number #M5200158 on June 15, 2007.

3.    A summons and complaint seeking a declaratory judgment on behalf of C.D.

KOBSONS, INC. has been filed with the court and a copy of same is annexed hereto as **Exhibit**

"A".

4.    A full detail of the facts surrounding the instant application is set forth in the

Affidavit of Doungrat Eamtrakul, President of C.D. KOBSONS, INC., annexed hereto as

Exhibit "B" and below:

5.    On or about June 15, 2007, defendant, UNITED NATIONAL SPECIALTY

INSURANCE COMPANY ("UN") renewed a general liability policy it had written for plaintiff,

C.D. KOBSONS, INC. ("Kobsons") to insure the premises known as 500 West 28th Street, New York, New York under policy number #M5200158. A copy of the Common Policy Declarations is annexed hereto as **Exhibit "C"**.

6.    On October 19, 2007, plaintiff received an Emergency Declaration from the New York City Department of Buildings stating that the premises known as 500 West 28th Street, New York, New York has been declared unsafe and in imminent peril. The DOB, however, failed to issue a vacate order to the occupants of the building.

7.    The Department of Buildings directed that plaintiff provide temporary shoring at the cellar and first story immediately, because the second, third and fourth stories have sagged; structural cracks have developed at exposure 4 and interior partitions; and the wood stair-assembly is out of level at all stories. A copy of the notice is annexed hereto as **Exhibit "D"**.

8.    On October 23, 2007, plaintiff notified defendant and her insurance broker of the Emergency Declaration to advise them of the condition as well as plaintiff's intention to comply with the notice. See **Exhibit "E"**.

9.    Upon being notified of the Emergency Declaration, plaintiff attempted to schedule a hearing before the Department of Buildings, however, said meeting was not held until November 15, 2007. At that time, despite the fact that the Department of Buildings deemed the subject premises "unsafe", they would not issue a temporary vacate order so that repairs could be effectuated without exposing the tenants to potential risk/harm. See, correspondence from plaintiff to Chris Santulli, P.E. dated November 20, 2007, annexed hereto as **Exhibit "F"**.

10.    Meanwhile, in between being served with the notice from the Department of Buildings and subsequently attending the hearing, defendant, UN, served plaintiff with a Notice of Cancellation of its general liability policy under number #M5200158, terminating Kobsons'

coverage on November 27, 2007. A copy of the Notice of Cancellation is annexed hereto as Exhibit "G".

11.   The Notice of Cancellation identifies Section 3426(c)(1) of the Insurance Law, subsection (E) as the reason for termination. The section reads as follows:

> (E) material physical change in the property insured, occurring after issuance or last annual renewal anniversary date of the policy, which results in the property becoming uninsurable in accordance with the insurer's objective, uniformly applied underwriting standards in effect at the time the policy was issued or last renewed; or material change in the nature or extent of the risk, occurring after issuance or last annual renewal anniversary date of the policy, which causes the risk of loss to be substantially and materially increased beyond that contemplated at the time the policy was issued or last renewed;

12.   However, as more fully set forth in the affidavit of Eliezer Dubinsky, P.E., annexed hereto as Exhibit "H", the subject premises did not undergo any material physical change subsequent to the June 15, 2007 renewal date.

13.   It is apparent from correspondences dated as far back as January 10, 2007 which are annexed to Mr. Dubinsky's affidavit that there were structural problems with the subject premises necessitating shoring, nine months prior to the Notice.

14.   As set forth in the affidavit of Mr. Cesar Arrascue, insurance broker for plaintiff, (annexed here to as Exhibit "I",) upon his information and belief, UN retained the right to conduct any type of inspections it wished prior to renewing the subject general liability policy. Neither plaintiff, nor Mr. Arrascue, is aware if UN availed themselves of that retained right.

15.   Nevertheless, the subject building is in the exact condition as it was, prior to UN's renewal of the general liability policy. UN seeks to terminate the policy now solely based on the Department of Buildings' emergency declaration.

16.    There has been no material change in the nature of the risk, as the condition of the building has not changed since the renewal date.

17.    The defendant should not be able to terminate Kobsons' coverage simply because of the fortuitous event that the DOB issued an unsafe building notice regarding a condition that has long existed prior to renewal of the current policy. Furthermore, UN should be estopped from terminating its coverage to the extent that it had a right to inspect the building at renewal and did not avail itself of its retained right to conduct an inspection prior to renewing the general liability policy and accurately evaluate the associated risk.

18.    As set forth in the Affidavit of Mr. Arrascue (Exhibit "H"), he has not been able to procure any type of general liability insurance for Kobsons from a different carrier. As the structure of the premises has been deemed unsafe by the Department of Buildings, no other providers are willing to write Kobsons a general liability policy. The plaintiff is thus in the particular egregious position of being required to effectuate repairs in the building without any liability insurance protection to those persons occupying the premises.

19.    As such, to permit UN to cancel its obligation to plaintiff, without any material change in the condition of the building since the renewal date of the policy or due to the fact that they did not accurately evaluate the risks associated with the subject premises, prior to the renewal date of the general liability policy, will cause plaintiff immediate and irreparable harm.

20.    Since the Department of Buildings refuses to issue a temporary vacate order, all necessary repairs must be effectuated while tenants still reside in the subject building.

21.    Accordingly plaintiff respectfully requests this court to issue a Preliminary Injunction pursuant to CPLR §6311 enjoining UNITED NATIONAL SPECIALTY INSURANCE COMPANY from cancelling the general liability policy it issued to C.D.

KOBSONS, INC. under policy number M5200158, until a hearing can be held determining whether the cancellation is valid.

22.     No prior application for the relief requested herein has heretofore been made to this or any other Court or Justice.

WHEREFORE, for the foregoing reasons, plaintiffs, pray for an order pursuant to CPLR §6311, for a Preliminary Injunction enjoining defendant from terminating the insurance policy it issued to plaintiff under policy number #M5200158 on June 15, 2007, together will all such other and further relief as the Court deems, proper and equitable in the circumstances.

Dated:    New York, New York
          November 27, 2007

                                    By:    _____
                                           Corey M. Reichardt

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

C.D. KOBSONS, INC.,

        Plaintiff,

   -against-

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

        Defendant.

------------------------------------------------------------------x

Index No.

Venue: CPLR 503

SUMMONS

Plaintiff's Address:
212 West 122nd Street
New York, New York

TO THE ABOVE NAMED DEFENDANT:

  YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff, C.D.

KOBSONS, INC., copies of which are herewith served upon you, and to serve copies of your

answer upon the undersigned, within (20) days after service upon you of this Summons and

Complaint, exclusive of the day of service, or within (30) days after completion of service where

service is made by any manner other than personal delivery. In case of your failure to answer the

complaint, judgment will be taken against you by default for the relief in the complaint.

Dated: New York, New York
   November 27, 2007

        Yours, etc.

        BRILL & ASSOCIATES, P.C.


    By:  Haydn J. Brill
       Attorneys for Plaintiff
       111 John Street, Suite 1070
       New York, New York 10038
       (212) 374-9101
       Our File No: 1293-CDK

To:

UNITED NATIONAL SPECIALTY INSURANCE COMPANY
411 East Wisconsin Avenue, Suite 700
Milwaukee, Wisconsin 53202

UNITED NATIONAL SPECIALTY INSURANCE COMPANY
c/o Superintendent of Insurance for the State of New York.
25 Beaver Street
New York, New York 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

C.D. KOBSONS, INC.,                                   Index No.

                        Plaintiff,

            -against-

UNITED NATIONAL SPECIALTY INSURANCE            **VERIFIED COMPLAINT**
COMPANY,

                        Defendant.
-----------------------------------------------------------------x

        Plaintiff, C.D. KOBSONS, INC., as and for its Verified Complaint for a declaratory

judgment herein, respectfully sets forth and alleges, upon information and belief, as follows:

## THE PARTIES AND JURISDICTION

        1.      Plaintiff, C.D. KOBSONS, INC. (hereinafter "KOBSONS") is a domestic

corporation of the State of New York.

        2.      That at all relevant times hereinafter mentioned, defendant UNITED NATIONAL

SPECIALTY INSURANCE COMPANY (hereinafter "UNITED") was and still is a foreign

corporation of the State of Wisconsin admitted to issue general liability insurance policies in the

State of New York since May 17, 1999.

        3.      That at all times hereinafter mentioned, KOBSONS was and is the owner of

certain real property known as 500 West 28th Street, New York, New York.

        4.      That in consideration of the premiums paid, KOBSONS obtained and defendant

UNITED issued and delivered a general liability insurance policy to KOBSONS known and

designated as policy number M5200158 for a one year term commencing on July 1, 2003.

        5.      The aforestated policy issued by UNITED to KOBSONS was renewed on June

15, 2007, for a one year term.

WHEREFORE, plaintiff demands judgment adjudicating its rights to enjoining

UNITED from canceling policy number M5200158, and that this court:

    a. determine and declare that UNITED's termination of coverage be deemed null and void;

    b. determine and declare that pursuant to the insurance procurement contract that 500 West 28th Street is insured by UNITED under a general liability policy to the end of the policy term and any applicable renewals to which KOBSONS may be entitled;

    c. determine and declare that the defendant has waived, and is estopped from canceling coverage to KOBSONS or otherwise restricting the coverage available to the plaintiff ;

    d. granting such other and further relief as to the court may seem just and proper.

Dated:  New York, New York
        November 27, 2007

               Yours, etc.

               BRILL & ASSOCIATES, P.C.

By:    Haydn J. Brill
        Attorneys for Plaintiff
        111 John Street, Suite 1070
        New York, New York  10038
        (212) 374-9101

To:

UNITED NATIONAL SPECIALTY INSURANCE COMPANY
411 East Wisconsin Avenue, Suite 700
Milwaukee, Wisconsin  53202

UNITED NATIONAL SPECIALTY INSURANCE COMPANY
c/o Superintendent of Insurance for the State of New York.
25 Beaver Street
New York, New York  10004

*Attorney Verification*

Haydn J. Brill, an attorney duly admitted to the practice of law in the State of New York, deposes and says:

That he is the attorney for the plaintiff, C.D. KOBSONS, INC., in the within action; that he has read the within Complaint and knows the contents thereof, and that same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the sources of his information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendant is that the defendant is not within the county where deponent has his office.

Dated: New York, New York
       November 27, 2007

Haydn J. Brill

*Index No.:*                                                                                      *Year*
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

C.D. KOBSONS, INC.;

                                                                                                      Plaintiff,

-against-

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                                                                                                      Defendant.

SUMMONS AND VERIFIED COMPLAINT FOR A DECLARATORY JUDGMENT

BRILL & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
*C.D. Kobsons, Inc.*
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101

*To:*

*Attorney(s) for*
*Service of a copy of the within*                                        is hereby admitted.

*Dated:*
                                             ....................................................
                                             *Attorney(s) for*

*PLEASE TAKE NOTICE*
NOTICE OF ENTRY
☐    *that the within is a (certified) true copy of a*
      *duly entered in the office of the clerk of the within named Court on*
NOTICE OF SETTLEMENT
☐    *that an Order*              *of which the within is a true copy will be presented for*
      *settlement to        the Hon.    one of the judges of the within named Court, at*          *, on        , at*
M.
*Dated:*                                              Yours, etc.
                                                      BRILL & ASSOCIATES, P.C.
                                                      *Attorneys for Plaintiff*
                                                      111 John Street, Suite 1070
                                                      New York, New York  10038
                                                      (212) 374-9101

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
C.D. KOBSONS, INC.,

                     Plaintiff,           **AFFIDAVIT**

        - against -

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,
                     Defendant.
------------------------------------------------------------------X
STATE OF NEW YORK  )
                    ss.:
COUNTY OF NEW YORK  )

      Doungrat Eamtrakul, being duly sworn, deposes and says:

      1.    I am the President and Managing Agent of C.D. Kobsons, Inc., the entity that owns the premises known as 500 West 28th Street, New York, New York.

      2.    On June 15, 2007, United National Specialty Insurance Company renewed a general liability policy it issued insuring the above referenced premises under policy number #M5200158.

      3.    On October 19, 2007, I received an Emergency Declaration Form from the NYC Department of Buildings stating that the subject premises was declared unsafe and in imminent peril, requiring immediate shoring at the cellar and first story.

      4.    Upon receiving said notification, I contacted my insurance broker, Mr. Cesar Arrascue and United National Specialty Insurance Company to advise them of the declaration.

      5.    On or about October 30, 2007, I received a Notice of Cancellation from United National Specialty Insurance Company advising that my coverage will terminate on November 27, 2007 due to an act or omission that occurred after the last renewal date that substantially and materially increased the hazard insured against, and which occurred subsequent to inception of the current policy period.

6.   On November 15, 2007 a hearing was held with the Department of Buildings, (which took twenty-seven days to schedule,) where my engineer, Mr. Dubitsky, advised the Department to issue a temporary vacate order, so the repairs may be effectuated without the risk of potential harm to the residing tenants.

7.   Unfortunately, the Department of Buildings did not agree with my engineer and has directed that repairs be effectuated immediately, notwithstanding that there are clients residing in the "unsafe" premises.

8.   Upon receiving the above referenced Notice of Cancellation, I attempted to procure liability insurance from a different carrier, however, my insurance broker, Mr. Cesar Arrasue, has advised me that no company is willing to insure my building as the risk is "too high" in light of the Emergency Declaration.

9.   As more fully set forth in my attorney's affirmation and the affidavit of Mr. Dubinsky, the condition of my building necessitating shoring, existed prior to June 15, 2007 (the renewal date of my insurance policy).

10.   As the condition of my building did not arise from an act or omission that occurred subsequent to the renewal date, United National Specialty Insurance Company should not be permitted to terminate the general liability policy.

11.   Should this Court permit United National Specialty Insurance Company to terminate the general liability policy, I will be forced to effectuate repairs to a "dangerous" building without any type of liability insurance to protect third parties from any possible harm.

12.   As the Department of Buildings refuses to issue a temporary vacate order but directed that repairs be made immediately, should the general liability policy be terminated I will be forced to

sustain the immediate and irreparable harm of exposing my tenants to substantial risk without any type of insurance.

13.      Accordingly, I respectfully submit that this Court issue a Preliminary Injunction, enjoining United National Specialty Insurance Company from terminating my general liability policy.

Doungrat Eamtrakul

Sworn to before me this
26ᵗʰ day of November, 2007

Notary Public

Susel Porven
Notary Public, State of New York
01PO6133799
Qualified in Queens County
Commission Expires ___09___

EXHIBIT "C"

united
national
group

# UNITED NATIONAL SPECIALTY INSURANCE COMPANY
A Stock Company
MILWAUKEE, WISCONSIN

## COMMERCIAL INSURANCE POLICY
## COMMON POLICY DECLARATIONS

**Policy Number:**     M5200158

**Renewal of:**  M5156187

**Named Insured:**     C.D. KOBSON INC.

**Mailing Address:**     C/O DIANA EAMTRAKUL
Street:     212 WEST 122ND STREET.
APT.1
City:     NEW YORK
State & Zip Code:     NY  10027

**Producer Name:**     ARCO INSURANCE AGENCY
Address:     68 CROFT LANE
SMITHTOWN, NY 11787
631-366-2033 FAX: 631-366-2589

**Producer Number:**  01194

**Policy Period:**  From:  June 15, 2007     To:  June 15, 2008
at 12:01 A.M. Standard Time at the mailing address shown above.

**Business Description:**     BUILDING OWNER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE
AGREE WITH YOU TO PROVIDE THE INSURANCE, AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.
THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $3,199.00 |
| Commercial General Liability Coverage Part | $1,839.00 |
| NY FIRE FEE | $30.20 |
| **TOTAL** | $5,068.20 |

Premium shown is payable:     $5,068     at inception;     1st Anniversary;     2nd Anniversary

Form(s) and Endorsement(s) made a part of this policy at time of issue:

SEE ATTACHED SCHEDULE OF POLICY FORMS AND ENDORSEMENTS SAA-100

By. _____
Countersigned

INSURED

6/16/07
PA-100 (8-98)

# COMMERCIAL PROPERTY COVERAGE
## DECLARATIONS

Policy No. M5200158

Effective Date: June 15, 2007
12:01 A.M., Standard Time
☐ Supplemental Declarations is Attached

**BUSINESS DESCRIPTION***
### BUILDING OWNER

**DESCRIPTION OF PREMISES**

| PREM. NO. | BLDG. NO. | LOCATION, CONSTRUCTION AND OCCUPANCY | | |
|---|---|---|---|---|
| 001 | 001 | 500 WEST 28TH STREET | NEW YORK | NY 10001 |
| | | Joisted Masonry | 4STY BRICK BLDG OCC W/MER & 6APT | |

**COVERAGES PROVIDED** INSURANCE AT THE DESCRIBED PREMISES APPLIES ONLY FOR COVERAGES FOR WHICH A LIMIT OF INSURANCE IS SHOWN

| PREM. NO. | BLDG. NO. | COVERAGE | LIMIT OF INSURANCE | COVERED CAUSES OF LOSS | COINSURANCE | RATES |
|---|---|---|---|---|---|---|
| 001 | 001 | Building | $800,000 | Basic | 80% | 0.338 |
| 001 | 001 | Loss of Business Income | $125,000 | Basic | 80% | 0.227 |
| 001 | 001 | EQUIPMENT BREAKDOWN | | PREMIUM | | $211 |

**OPTIONAL COVERAGES** APPLICABLE ONLY WHEN ENTRIES ARE MADE IN THE SCHEDULE BELOW   • IF EXTRA EXPENSE COVERAGE, LIMITS ON LOSS PAYMENT

| PREM. NO. | BLDG. NO. | AGREED VALUE EXPIRATION DATE | COVERAGE | AMOUNT | REPLACEMENT COST (X) BUILDING | PERSONAL PROPERTY INCLUDING *STOCK |
|---|---|---|---|---|---|---|

| PREM. NO. | BLDG. NO. | INFLATION GUARD (Percentage) BUILDING | PERSONAL PROPERTY | ++ MONTHLY LIMIT OF INDEMNITY (Fraction) | ++ MAXIMUM PERIOD OF INDEMNITY (X) | ++ EXTENDED PERIOD OF INDEMNITY (Days) |
|---|---|---|---|---|---|---|

**MORTGAGE HOLDER(S)**    ++ APPLIES TO BUSINESS INCOME ONLY

| PREM. NO. | BLDG. NO. | MORTGAGE HOLDER NAME AND MAILING ADDRESS |
|---|---|---|

**DEDUCTIBLE**

$250 EXCEPTIONS:   $1,000

**FORMS AND ENDORSEMENTS** (other than applicable Forms and Endorsements shown elsewhere in the policy)

Forms and Endorsements applying to this Coverage Part and made part of this policy at time of issue:
APPLICABLE TO ALL COVERAGES:
### SEE ATTACHED SCHEDULE OF POLICY FORMS AND ENDORSEMENTS SAA-100

APPLICABLE TO SPECIFIC PREMISES/COVERAGES:   PREM. NO.   BLDG. NO.   COVERAGES   FORM NUMBERS

**PREMIUM**

Premium for this Coverage Part $   3,199.00

*Information omitted if shown elsewhere in the policy.    **Inclusion of date optional

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS

EFFECTIVE DATE: June 15, 2007
12:01 A.M., Standard Time

POLICY NO.: M5200158

## LIMITS OF INSURANCE

| | |
|---|---|
| General Aggregate Limit (Other Than Products-Completed Operations) | $ 2,000,000 |
| Products-Completed Operations Aggregate Limit | $ INCLUDED |
| Personal and Advertising Injury Limit | $ 1,000,000 |
| Each Occurrence Limit | $ 1,000,000 |
| Fire Damage Limit | $ 50,000 ANY ONE FIRE |
| Medical Expense Limit | $ 5,000 ANY ONE PERSON |

## RETROACTIVE DATE    (CG 00 02 ONLY)

Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date, if any, shown here:

(Enter Date or "None" if no Retroactive Date applies)

## FORM OF BUSINESS

☐ Individual    ☐ Joint Venture    ☐ Partnership    ☒ Organization (other than Partnership or Joint Venture)

## LOCATION OF PREMISES

Location of All Premises You Own, Rent or Occupy:    10001

Loc # 001   500 WEST 28TH STREET, NEW YORK, NY

## PREMIUM

| Loc # | Classification | Code No. | Premium Basis | Rate Pr/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
|---|---|---|---|---|---|---|---|
| 001 | APARTMENTS, TENEMENTS, BOARDING OR ROOMING HOUSES-WITHOUT ELEVATOR | 60022 | UNITS 6 | INCL** | 250.231 | INCL** | 1501 |
| 001 | BUILDINGS OR PREMISES-BANK OR OFFICE-MERCANTILE OR MANUFACTURING MAINTAINED BY THE INSURED-OTHER THAN NOT-FOR-PROFIT | 61217 | AREA 1720 | INCL** | 196.410 | INCL** | 338 |
| | ** PRODUCTS COMPLETED OPERATIONS ARE SUBJECT TO THE GENERAL AGGREGATE LIMIT ** | | | | | | |

Total Advance Premium    $1,839.00

## FORMS AND ENDORSEMENTS

SEE ATTACHED SCHEDULE OF POLICY FORMS AND ENDORSEMENTS SAA-100

CL-150 (9/95)

# EXHIBIT "D"

**BUILDINGS**   EMERGENCY DECLARATION FORM

To:        Office of Operations

From:      Christopher M. Santulli, P.E., Borough Commissioner, Manhattan

Subject:   ☐ Immediate Emergency Declaration   ☒ Emergency Declaration

Premises:  311 Tenth Ave. aka 500 West 28th Street
Borough:   Manhattan
Block/Lot: 699/37
CB:        104
☒ Occupied ☐ Unoccupied ☐ Vacated

Owner
C. D. Kobsons, Inc.
212 West 122nd St.
New York, NY 10027

Conditions of Structure and Recommended Remedy:

Second, third and fourth stories have sagged + or - 4", at the center of the building. Structural cracks
have developed at exposure 4 (north wall), and interior partitions. The wood stair-assembly, at all
stories, is out of level.

Remedy: Provide temporary shoring at the cellar and first story.

Naweed Chaudhri, P.E. (on 10/15/07) and Inspector Pugach inspected this structure on 10/15/07 and
10/16/07 and requests that the condition above described be made safe by ☐ demolition ☐ repair ☐
sealing ☐ sidewalk shed ☐ fence ☒ shoring, or ☐ other (describe) _____ in order
to ensure the public safety.

| Complete Only If UB Was Declared Previously | Must Complete |
|---|---|
| Unsafe Building Information | Building Description |
| UB #: | Height/Stories: 40'/4 Stories |
| Issuance Date: | Construction Class: C-III |
| Survey Date: | Occupancy Class: Commercial/A1.D |
| Precept Date: | Hazardous Violation: 090507C04VP03, 04 |
| | 101607C04VP04, 05 |

Concurred: _Dennis Sanford_     Date 10/17/07
           Administrative Chief Inspector

Approved: _____     Date 10/17/07
          Borough Commissioner

C.D. Kobsons, Inc.
212 West 122nd St., Suite 1
New York, NY 10027
Tel. 212-866-4411
Cell 1-917-447-6534

October 23, 2007

To: United National Specialty Insurance Company
Three Bala Plaza, East - Suite :300
Bala Cynwyd, PA 19004

Ref: 311 Tenth Avenue a/k/a 500 West 28th Street NY , NY 10001
Policy: M 5200158, ( M 51516187 )

Dear United National Specialty Insurance Company,

I received a letter from NYC Department of Buildings Commissioner and Emergency
Declaration regarding the unsafe condition of the building. Our engineer will contact DOB to
comply with the repairs or demolishing the building. I was advised to notify Arco Insurance, our
agency and your company. Thank you for your cooperation.

Best Regards,

Doungrat Eamtrakul ( Diane ) , President
C.D. Kobsons, Inc.

Encls: A copy of Letter from Chris Santuli DOB Oct 17
       A copy of Emergency Declaration Form

cc. Arco Insurance Agency

EXHIBIT "F"

C.D. Kobsons, Inc.
212 West 122nd St., Suite 1
New York, NY 10027
Tel. 212-866-4411
Cell; 1917-447-6534
Email: SofiaDE@AOL.com

November 20, 2007

To: Chris M. Santulli,P.E.
Borough Commissioner
Department of Buildings
280 Broadway,
New York, NY 10007

Ref: 311 Tenth Avenue Emergency Declaration

Dear Mr. Santulli;

        Follow up our meeting on November 15 with Eli Dubinsky- the Engineer, Andrew Baker- Maximum Contractor, Justice Mc Allister, Steven Steinhart-Legal Counsel and myself Diane Eamtrakul - C.D. Kobsons,Owner, per your request, I am submitting the following as per our discussion;

1. Photos of the existing metal supports (50 feet I- beam shoring )along the basement. ( 12 photos of shoring and 3 close up of tale's tell indicators ).Two Tales' Tells monitor a major stress crack in the basement column ( front support )and on the stone foundation near the entrance of the basement.

2. Copies of Eli Dubinsky's Engineer Reports; Dated: Mar.15, 2006/April 13,2006/June 1,2006/July19,2006/Aug 10,2006/Oct 11,2006/Feb21, 2007/ July 11,2007 ( all the tab readings were already provided ).

3. Additional photos;
A- 1 Photo shows the leak of the ceiling in the middle of store ( north wall)
A2 the small leak from the floors above due to settling of the plumbing pipes and leakage on store ceiling ground floor.
A3 From the top of the roof indicates wall cracks along the party wall connected to the gas station before demolition during 2006 Christmas.
A4 Joinsts and supporting beam of 2R floor shows addition support part of the sinking floors (2R)
-The right line indicated the stress crack long the beam in front of the fire place.
A5 & A6 Gas Station demolishing ( 303-309 Tenth Avenue ) &  the oil tanks were removed during Christmas 2006.

A7 The collapsed of south walls seen from the rear during the demolishing of the gas station.

As per your engineers' direction, you advised us to shore the basement and first floor and submit the shoring plans immediately. We inquired many structure engineers to perform the job since Mr Dubinsky and many other structure Engineers in NYC already had commitment with other projects or not available during this Thanksgiving Holiday to perform the job within two weeks. Mr. Brian Flynn, Structure Engineer and only one other engineer responded to our calls. Mr Flynn inspected the premise and will write a report and submit the Shoring plan to Department of Buildings by next week or within two weeks. I ask that you permit us a few extra days additional time because it is Holiday week. A lot of people already had plans and we do not have a full cooperation from our tenants besides it took 29 days to receive the appointment ( Nov. 15) to meet with you after the Emergency Declaration ( Oct 17 ) was issued.

All additional photos (3: A1 - A7) indicated hidden damages which caused by water leaking due to the settling pipes, the deterioration of bricks, broken walls and vibrations from the next door demolition works. I am supporting Mr. Dubinsky recommendation to urge you again to issue a temporary vacate order to help us relocate tenants temporary, for their safety during the inspection and repairs. Mr Flynn indicated that if there is any discovery during the inspection for studying shoring plans and repair recommendations find any alarm structure which may lead to the building collapse he will immediately notify you. The details of repair which he suggests also will be submitted to follow.

Please do not hesitate to call me anytime if you have any questions or concern.

Best Regards,

Diane Eamrakul, President
C.D. Kobsons, Inc.

EXHIBIT "G"

NOTICE OF CANCELLATION, NONRENEWAL, CONDITIONED RENEWAL OR CHANGE IN TERMS, CONDITIONS OR RATES
(New York)

| | | |
|---|---|---|
| NAME AND ADDRESS OF INSURANCE COMPANY | United National Specialty Insurance Company<br>Three Bala Plaza, East Suite 300<br>Bala Cynwyd PA 19004 | |

| KIND OF POLICY |
|---|
| Commercial Insurance Policy |

| POLICY/APPLICATION/BINDER NO: | M 5209155 |
|---|---|

| EFFECTIVE DATE OF NOTICE | |
|---|---|
| 11/27/07 | 12:01 AM |
| (DATE) | (HOUR - STANDARD TIME AT THE ADDRESS OF THE INSURED) |

| DATE OF MAILING: 10/25/07 |
|---|

| | | |
|---|---|---|
| NAME AND ADDRESS OF INSURED | C.D. Kobson Inc. c/o Diana Eamiratul<br>212 West 122nd Street, Apt 7<br>New York NY 10027 | |

| NAME AND ADDRESS OF AGENT | BROKER: |
|---|---|
| Morstan General Agency, Inc | Arco Insurance |
| P.O. Box 4500 | 68 Croft Lane |
| Manhasset NY 11030-4500 | Smithtown, NY 11787 |

## REASONS FOR CANCELLATION

Cancellation is based on one or more of the following which appear under Section 3426(c)(1), Section 3426(c)(3) and Section 3426(c)(4) on the New York Insurance Law

**Code No.**    **Section 3426(c)(1)**

1    (A)  nonpayment of premium provided however, that a notice of cancellation on this ground shall inform the insured of the amount due

2    (B)  conviction of a crime arising out of acts increasing the hazard insured against;

3    (C)  discovery of fraud or material misrepresentation in the obtaining of the policy or in the presentation of a claim thereunder,

4    (D)  after issuance of the policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and which occurred subsequent to inception of the current policy period;

5    (E)  material physical change in the property insured, occurring after issuance or last annual renewal anniversary date of the policy, which results in the property becoming uninsurable in accordance with the insurer's objective, uniformly applied underwriting standards in effect at the time the policy was issued or last renewed or material change in the nature or extent of the risk, occurring after issuance or last annual renewal anniversary date of the policy, which causes the risk of loss to be substantially and materially increased beyond that contemplated at the time the policy was issued or last renewed;

6    (F)  a determination by the superintendent that continuation of the present premium volume of the insurer would jeopardize that insurer's solvency or be hazardous to the interests of policyholders of the insurer, its creditors or the public;

7    (G)  a determination by the superintendent that the continuation of the policy would violate, or would place the insurer in violation of, any provision of the Insurance Law (Chapter 28)

8    (H)  the insurer has reason to believe, in good faith and with sufficient cause, that there is a probable risk or danger that the insured will destroy, or permit to be destroyed, the insured property for the purpose of collecting the insurance proceeds, provided, however, that:

   (i)  the insured must act within ten days if review by the Insurance Department of the ground for cancellation is desired pursuant to item (iii) of this subparagraph (H); and

   (ii)  notice of cancellation on this ground shall be provided simultaneously by the insurer to the Insurance Department; and

   (iii)  upon written request of the insured made to the Insurance Department within ten days from the insured's receipt of notice of cancellation on this ground, the Insurance Department shall undertake a review of the ground for cancellation to determine whether or not the insurer has satisfied the criteria for cancellation specified in this subparagraph; if after such review the Insurance Department finds no sufficient cause for cancellation on this ground, the notice of cancellation on this ground shall be deemed null and void

**Section 3426(c)(3)**

9    With respect to professional liability insurance policies, in addition to the bases for cancellation set forth above in Code Nos. 1 through 8, there has been revocation or suspension of the insured's license to practice his or her profession, or if the insured is a hospital, it no longer possesses a valid operating certificate under Section 2801 a of the public health law.

**Section 3426(c)(4)**

    With respect to an excess liability policy, in addition to the bases for cancellation set forth above in Code Nos. 1 through 8, there has been cancellation of one or more of the underlying policies providing primary or intermediate coverage, where (a) such cancellation is based upon Code items 1 through 8 or 9, and (b) such policies are not replaced without lapse

**Additional Information regarding your rights under the Consumer Credit Reform Act**

Pursuant to the Consumer Credit Reform Act of 1996, effective September 30, 1997, you are informed that:

The consumer reporting agency identified on this form did not make any decisions regarding the stated insurance policy. Therefore, the consumer reporting agency would not be able to provide you with the specific reasons why the insurance company is taking the present action.

You have the right to obtain within 60 days of the receipt of this notice a free copy of your credit report from the consumer reporting agency which has been identified on this form. (Prior to September 30, 1997, you have the right to obtain a free copy of your credit report within 30 days of the receipt of this notice.)

You have the right to dispute inaccurate information by contacting the consumer reporting agency directly. Once you have directly notified the consumer reporting agency of your dispute, the agency must, within a reasonable period of time reinvestigate and record the current status of the disputed information. If after reinvestigation, such information is found to be inaccurate or unverifiable, such information must be promptly deleted from your records. If the investigation does not resolve the dispute, you may file a brief statement setting forth the nature of the dispute with the consumer reporting agency. Your statement will then be included or summarized in any subsequent consumer report containing the information in question.

For complete information regarding the Federal Consumer Credit Protection Law please refer to The Code of the Laws of the United States of America, Title 15 Chapter 41, Subchapter III, (15 U.S.C. §1681 et seq.)

AUTHORIZED REPRESENTATIVE

Page 1 of

NOTICE OF CANCELLATION, NONRENEWAL, CONDITIONED RENEWAL OR CHANGE IN TERMS, CONDITIONS OR RATES
(New York)

| NAME AND ADDRESS OF INSURANCE COMPANY | United Nations Electric Insurance Company, Terry Park Plaza, East Elm, NY, East Syosset, NY 15207 | KIND OF POLICY: Commercial Inland Marine Policy |
|---|---|---|
| | | POLICY OR PUBLICATION BINDER NO. M 5903195 |
| | | EFFECTIVE DATE OF NOTICE: 11/27/01 12:01 am |
| | | DATE OF MAILING: 10/26/01 |
| NAME AND ADDRESS OF INSURED | B.D. Vessaswary DDS and Intravital, 110 West 173rd Street Apt 3, New York NY 10011 | NAME AND ADDRESS OF AGENT OR BROKER: Morrison General Agency, Inc, P.O. Box 4500, Manhasset NY 11030-4500 |

| (Unless Law Applies to Fire or Fire and Extended Coverage Policies, Except When Cancellation is Due to Nonpayment of Premium) | IF YOU HAVE ANY QUESTIONS IN REGARD TO THIS TERMINATION, PLEASE CONTACT THIS COMPANY'S REPRESENTATIVE AT (company phone number, name of company representative, company address): Marcia Clapman (516) 488-4747  Ext. 3246 Morrison General Agency, Inc, P.O. Box 4500 Manhasset NY 11030-4500 |
|---|---|
| | THE NEW YORK INSURANCE LAW PROHIBITS INSURERS FROM ENGAGING IN REDLINING PRACTICES BASED UPON GEOGRAPHIC LOCATION OF THE RISK OR THE PRODUCER. IF YOU HAVE ANY REASON TO BELIEVE THAT WE HAVE ACTED IN VIOLATION OF SUCH LAW, YOU MAY FILE YOUR COMPLAINT WITH THE DEPARTMENT EITHER ON ITS WEBSITE AT WWW.INS.STATE.NY.US/COMPLHOW.HTM OR BY WRITING TO THE STATE OF NEW YORK INSURANCE DEPARTMENT, CONSUMER SERVICE BUREAU, AT EITHER 25 BEAVER STREET, NEW YORK, NEW YORK 10004-2319 OR ONE COMMERCE PLAZA, ALBANY, NEW YORK 12257. |

ALSO SEE ADDITIONAL INFORMATION FOR INFORMATION ON PROCUREMENT OF INSURANCE
(Applicable item marked "X")

| Cancellation | ☑ You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. |
|---|---|
| | Reason(s) for cancellation. See statutory reason(s) designated by Code No(s). 55. _____ |
| | note the procedure in the Code No. 6 item if you wish to have an Insurance Department review. |
| | Reason(s)(Grounds for cancellation other than statutory reason(s) or, if required, supplementary to statutory reason(s) are given in the "Important Notices" section. |
| | If cancellation is due to nonpayment of premium, the amount of premium due is _____ |
| | If cancellation is due to nonpayment of premium, payment of overdue premium to us, or your agent or broker will be completed out if made within 15 days after the mailing of this notice. If payment is made, contact us or your agent or broker immediately. |
| | See the "Important Notices" section in this form for "Information on Losses" and other information that may apply. |
| Premium Adjustment | ☐ The earned premium will be determined in accordance with New York law and the terms of the policy. |
| | ☐ Enclosed is $ _____ , being the amount of return premium as provided for the unearned term of this policy. |
| | ☐ A bill for the premium earned as of the time of cancellation will be forwarded in due course. |
| | ☐ Other: _____ |
| Nonrenewal | ☐ You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that the above mentioned policy will cease effective at and from the hour and date mentioned above and the policy will NOT be renewed for the specific reason(s) shown in the "Important Notices" section. See the "Important Notices" section for "Information on Losses" and other information that may apply. |
| Conditioned Renewal | ☐ You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law that the above mentioned policy, which will be renewed at or above the hour and date mentioned above will be renewed. However, the renewal of the referenced policy, ... change in type of ... (such being a change of limits, change ... type of coverage) ... ... in excess of 10 percent, inclusive of any premium mandate generated as a result of premium exposure which is associated with a tier rating resulting ... in upcoming changes. |

Contact your agent, broker or this company if more specific policy information is desired.
See the "Important Notices" section in this form for specific reason(s) for conditioned renewal "Information on Losses" and other information that may apply.

[Advance Notice of Nonrenewal or Change in Policy and Other Important Information Notices are contained on the following pages.]

IE1GU 323k (Ed. 8-08) UNIFORM                    INSURED'S COPY                    Page 1 of 5

EXHIBIT "H"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

C.D. KOBSON, INC.,

                                    Plaintiff,                    AFFIDAVIT

             - against -

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,
                                    Defendant.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                              ss.:
COUNTY OF NEW YORK  )

Eli Dubinsky, P.E., being duly sworn, deposes and says:

1.    I am a licensed engineer in the State of New York who was retained by C.D. Kobson to inspect the premises known as 500 West 28th Street, New York, New York 10001.

2.    On October 19, 2007, C.D. Kobson, Inc. received an "Unsafe Building Notice" from the New York City Department of Buildings.

3.    The building is in an "unsafe condition" because the floor joists are sagging and deflection is above and beyond what is allowable based on standard general engineering practice.

4.    The above condition requires at least, that shoring must be provided.

5.    I have been periodically inspected the subject premises since approximately the end of the 2005/ beginning of 2006 calendar year. However, I have annexed hereto as Exhibit "A," a copy of my reports from January 10, 2007 and February 21, 2007.

6.    As there were a few cracks in the building walls at the time I commenced my inspections, "tell tale" monitoring devices were installed by C.D. Kobson, Inc. These monitoring devices are able to read if the cracks are widening or changing.

7.    As part of my periodic inspections I would review the results of the "tell tale" monitoring devices.

8.    As such, I can affirm that the condition of the floor joists and deflection has been present at the subject premises prior to June 15, 2007.

9.    In addition, the current condition of the joists and deflection was not caused by any act or omission on behalf of C.D. Kobson, Inc., that occurred subsequent to June 15, 2007.

10.    The "Unsafe Building" violation is a manifestation of a condition that already existed on June 15, 2007 and did not occur subsequent to the aforementioned date.

_____
Eli Dubinsky, P.E.

Sworn to before me this
22 day of November, 2007

_____
Notary Public

HAYDN J. BRILL
Notary Public, State of New York
No. 02BR6109337
Qualified in New York County
Commission Expires 05/03/0-9



# Dubinsky Consulting Engineers. PC

DESIGN, DEVELOPMENT, INSPECTION, PROPERTY EVALUATION

45 West 34th Street
New York, NY 10001
Tel: (212) 594-1153
Fax: (212) 594-9376

January 10, 2007

Ms. Diane Eantrakul
C/o C.D. Kobsons, Inc.
212 West 122nd Street
New York, NY 10027

Re: 311 10th Avenue, (South West Corner of 28th Street), Monitoring Devices Tabs

Dear Ms. Eantruakul

We continued monitoring the building mentioned above.

Some of the tabs (tale tell) indicate some changes. Few of them like Tab #: 3 and Tab #: 6 show larger movement.

Some show reversible movements with the new construction on the adjacent site, there will be vibrations and additional forces applied at foundation level and superstructure of your building at 311 10th Avenue, NYC which cause concern for farther structural damage and jeopardy to the structure.

Very truly yours:

Eli R. Dubinsky, PE



# Dubinsky Consulting Engineers. PC
DESIGN, DEVELOPMENT, INSPECTION, PROPERTY EVALUATION

45 West 34th Street.
New York, NY 10001
Tel: (212) 594-1153
Fax: (212) 594-9376

February 21, 2007

Ms. Diane Eantrakul
C/o C.D. Kobsons, Inc.
212 West 122nd Street
New York, NY 10027

Re: 311 10th Avenue, (South West Corner of 28th Street), Monitoring Devices Tabs

Dear Ms. Eantrakul

We continued monitoring the building mentioned above.

Some of the tabs (tale tell) indicate some changes. Few of them like Tab #: 1, 1A, 4 and 5 show larger movement.

Some show reversible movements with the new construction on the adjacent site, there will be vibrations and additional forces applied at foundation level and superstructure of your building at 311 10th Avenue, NYC which cause concern for farther structural damage and jeopardy to the structure.

Very truly yours:

Eli R. Dubinsky, PE

44th WEEK 02.20.2007



TAB 1

TAB 1A

TAB 2

TAB 3

TAB 4

TAB 5

TAB 6

311 10th AVENUE

EXHIBIT "I"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
———— ———————— ——X

C.D. KOBSON, INC.

                              Plaintiff,

                                                           AFFIDAVIT

          -against-

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY.

                              Defendants.
———— ———————— ———X

STATE OF NEW YORK      )
                                        ss.:
COUNTY OF SUFFOLK    )

          Cesar Arrascue, being duly sworn, deposes and says:

1.      I am a licensed insurance broker in the State of New York.

2.      I have been working with C.D. Kobson, Inc., in helping them obtain
        insurance since approximately 1994.

3.      On June 15, 2007, United National Specialty Insurance Company issued a
        renewal for a general liability policy to C.D. Kobson, Inc. for the premises
        known as 500 West 28th Street, New York, New York.

4.      Upon information and belief, United National Specialty Insurance
        Company had/retained the right to inspect the subject premises prior to
        renewing the general liability policy.

5.      Upon being notified of the violation, United National Specialty Insurance
        Company informed C.D. Kobson, Inc. of its intention to terminate the
        General Liability Policy it issued to C.D. Kobson on June 15, 2007 under
        policy number M5200158.

6.      I have attempted to procure general liability insurance for C.D. Kobson,
        Inc. from a different insurance company, however, due to the fact that the
        City has deemed the structure of the premises known as 500 West 28th
        Street as unsafe, no other provider is willing to write C.D. Kobson, Inc. a
        general liability policy.

7.      Upon information and belief, the only type of insurance that may be
        available for C.D. Kobson, Inc., is from the New York Property

Underwriters Association, however, this will only insure for risks associated with fire

8.    My client has not asked me to procure the aforementioned insurance (New York Property Underwriters Association) at this time, and thus, have made no application for same.

_____
Cesar Arraeche

Sworn to before me this
26th day of November, 2007

_____
Notary Public

Susel Porven
Notary Public, State of New York
01PO6133799
Qualified in Queens County
Commission Expires ___07___

Index No.                    Year
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

C.D. KOBSONS, INC.,

                                                                Plaintiff

            -against-

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                                                                Defendant

---

## ORDER TO SHOW CAUSE and AFFIRMATION IN SUPPORT

---

### BRILL & ASSOCIATES, P.C.
*Attorneys for C.D. Kobsons, Inc.*
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101

---

*To:*          * * *
*Attorney(s) for*     * * *

*Service of a copy of the within* * * *     **Order to Show Cause is hereby admitted.**
*Dated: November 28, 2007*

                                        ...................................................................
                                        *Attorney(s) for   Defendant- United National*
                                                            *Specialty Insurance Company*

---

*PLEASE TAKE NOTICE*

☐      *that the within is a (certified) true copy of a* * * *
        *entered in the office of the clerk of the within named Court on* * * *

NOTICE OF
ENTRY

☐      *that an Order of which the within is a true copy will be presented for settlement to*
        *the Hon.* * * * *one of the judges of the within named Court, at* * * *, *on* * * *, *at* * * * .

NOTICE OF
SETTLEMENT
*Dated:* * * *

                            BRILL & ASSOCIATES, P.C.
                            Attorneys for Plaintiff
                            111 John Street, Suite 1070
                            New York, New York 10038
                            (212) 374-9101

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

C.D. KOBSONS, INC.,

                              Plaintiff,              Index No.:

          -against-
                                                      **NOTICE OF FILING OF**
UNITED NATIONAL SPECIALTY                             **NOTICE OF REMOVAL**
INSURANCE COMPANY,

                              Defendant.

-------------------------------------------------------------------x

          PLEASE TAKE NOTICE that the within is a true copy of the Notice of Removal filed in

the offices of the Clerk of the United States District Court for the Southern District of New York

on December 4, 2007.

          Pursuant to 28 § 1446(d), the Supreme Court of the State of New York, New York

County, shall proceed no further unless the case is remanded.

Date:   December 4, 2007

                                        Yours, etc.

                                        NICOLETTI GONSON SPINNER & OWEN LLP


                                        By:_____
                                                Edward S. Benson

                                        Attorneys for Defendant
                                        UNITED NATIONAL SPECIALTY
                                        INSURANCE COMPANY
                                        555 Fifth Avenue – 8th Floor
                                        New York, New York 10017
                                        (212) 730-7750

TO:

Brill & Associates, P.C.
Attorneys for the Plaintiff
111 John Street, Suite 1070
New York, NY 10038
(212) 374-9101
File No.: 1293-CDK