UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
C.D. KOBSONS, INC.,                  :   Civil Action No.: 07 CV 11034(SAS)
                                     :
                    Plaintiff,       :   ANSWER AND
      -against-                      :   COUNTERCLAIM
                                     :
UNITED NATIONAL SPECIALTY            :
INSURANCE COMPANY,                   :
                                     :
                    Defendant.       :
----------------------------------------------------------x

      Defendant, United National Specialty Insurance Company, by and through its attorneys, Nicoletti Gonson Spinner & Owen LLP answers plaintiff's complaint as follows:

## ANSWERING THE PARTIES AND JURISDICTION

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the complaint numbered "1".

    2.    Denies each and every allegation contained in the paragraph of the complaint numbered "3" and respectfully refers all questions of law to the court for determination.

    3.    Denies each and every allegation contained in paragraph of the complaint numbered "4" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

    4.    Denies each and every allegation contained in the paragraph of the complaint numbered "5" and respectfully refers all questions of law to the court for determination.

5. Denies each and every allegation contained in the paragraph of the complaint numbered "6" and respectfully refers all questions of law to the court for determination.

6. Denies each and every allegation contained in paragraph of the complaint numbered "7" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

7. Denies each and every allegation contained in the paragraph of the complaint numbered "8" and respectfully refers all questions of law to the court for determination.

8. Denies each and every allegation contained in the paragraph of the complaint numbered "9" and respectfully refers all questions of law to the court for determination.

## ANSWERING THE FIRST CAUSE OF ACTION

9. Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "10".

10. Denies each and every allegation contained in the paragraph of the complaint numbered "11" and respectfully refers all questions of law to the court for determination.

11. Denies each and every allegation contained in the paragraph of the complaint numbered "12" and respectfully refers all questions of law to the court for determination.

12. Denies each and every allegation contained in the paragraph of the complaint numbered "13" and respectfully refers all questions of law to the court for determination.

13. Denies each and every allegation contained in the paragraph of the complaint numbered "14" and respectfully refers all questions of law to the court for determination.

## ANSWERING THE SECOND CAUSE OF ACTION

14. Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "15".

15. Denies each and every allegation contained in the paragraph of the complaint numbered "16" and respectfully refers all questions of law to the court for determination.

16. Denies each and every allegation contained in the paragraph of the complaint numbered "17" and respectfully refers all questions of law to the court for determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. If the plaintiff has been damaged or injured as alleged in the complaint herein, and such damage and injury was not sustained solely as a result of the plaintiff's own negligence, carelessness, culpable conduct, or want of care, then same was brought about by reason of the negligence, carelessness, culpable conduct, want of care, and intentional acts of third-parties over whom this defendant had no control and for whose negligence, carelessness, want of care, and intentional criminal acts this defendant is not responsible.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. If plaintiff has been injured and damaged as alleged in the complaint, such injury and damage was caused or contributed to by reason of plaintiff's own conduct, negligence, carelessness or want of care, and if it be determined that plaintiff is entitled to a recovery herein as against this answering defendant, such recovery should be apportioned between plaintiff and this answering defendant according to their relative responsibility therefore.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. Plaintiff's complaint fails to state a cause of action upon which a claim for relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. Plaintiff failed to mitigate its damages pursuant to law, statute and agreement and therefore, has sustained no damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

21. Plaintiff's injuries, if any, was caused, contributed to, brought about and/or aggravated by superseding and/or intervening causes.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

22. Plaintiff's action should be dismissed to the extent it failed to fully comply with all the terms of the insurance policy issued by United National Specialty Insurance Company.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

23. That the plaintiff is estopped from asserting any claims and said claims are barred by laches, waiver and/or estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims should be dismissed based upon defenses founded upon documentary evidence.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

25. United National Specialty Insurance Company has no obligation to reimburse plaintiff for losses under the insurance policy by reason of the plaintiff's material misrepresentation and non-disclosures in the application for insurance.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

26. Plaintiff's action should be dismissed to the extent it failed to fully comply with all the terms of said policy.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

27. That the insurance policy issued by United National Specialty Insurance Company was properly cancelled.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

28. To the extent that the plaintiff failed to comply with the insuring agreement, there is no coverage.

### COUNTERCLAIMS

United National Specialty Insurance Company (hereinafter "United"), by and through its undersigned counsel, further alleges its counterclaims based upon the jurisdiction, venue and parties alleged on removal as follows:

### FACTUAL BACKGROUND

#### The Insurance Contracts

1. C.D. Kobson, Inc. (hereinafter "Kobsons") applied to United for property and

Commercial General Liability ("CGL") coverage with regard to 500 West 28th Street, New York, NY 10001 ("premises") on or about May 28, 2004.

2. On or about June 15, 2004, coverage was bound under United policy number M5156187 for the policy period from June 15, 2004 to June 15, 2005 ("United policy").

3. The United policy issued in 2004 provided property coverage in the amount of $650,000.00 for the building, for loss of business income in the amount of $50,000.00 and for CGL coverage of $1,000,000.00 per occurrence.

4. The United policy was renewed annually in 2005, 2006 and 2007.

5. On or about September 25, 2006, Kobsons submitted an Anti-Arson Application which represented that, inter alia, there were no outstanding recorded violations of fire, safety, health, building or construction codes at this location.

6. On or about February 21, 2007, at Kobsons' request, the limits on the property portion of the United policy were increased to $800,000.00 for the building and $125,000.00 for loss of business income.

7. On or about July 7, 2007, Kobsons submitted an Anti-Arson Application which represented that, inter alia, there were no outstanding recorded violations of fire, safety, health, building or construction codes at this location.

8. The Anti-Arson Applications submitted by Kobsons in 2006 and 2007 include a requirement that the insureds "shall notify the insurer in writing of any change in the information contained herein, upon renewal or annually, whichever is sooner. Failure to comply may result in rescission of your policy."

### The Violations

9. Upon information and belief, on or about September 29, 2005, the New York

City Environmental Control Board ("ECB") issued a violation to Kobsons described as "Failure to Maintain Buildings-Hazardous." Upon information and belief, this violation remains active.

10. Upon information and belief, on or about January 4, 2006, the New York City ECB issued violations to Kobsons described as "Failure to Maintain Buildings-Hazardous" and "Failure to Maintain Exterior Wall." Upon information and belief, these violations remain active.

11. Upon information and belief, on or about January 26, 2006, the New York City ECB issued a violation to Kobsons described as "Failure to Maintain Exterior Building Wall (Hazardous)." Upon information and belief, this violation remains active.

12. Upon information and belief, on or about June 1, 2006, the New York City ECB issued violations to Kobsons described as "Work Without a Permit-Hazardous" and "Failure to Maintain Exterior Building Wall (Hazardous)." Upon information and belief, these violations remain active.

## Misrepresentations and Failure to Disclose

13. The Anti-Arson Applications submitted by Kobsons in 2006 and 2007 did not list the building and construction violations that had been assessed against Kobsons and the premises.

14. The information provided to United when the United policy was renewed in 2006 and 2007 failed to disclose the presence and/or content of the building and construction violations that had been assessed against Kobsons and the premises.

15. The information that Kobsons failed to disclose and misrepresented was material to United's decision to underwrite the United policy in 2006 and 2007.

16. United would not have entered into the United policy in 2007 had it known of the violations that had been assessed against KOBSONS and the premises.

17. Because of Kobsons' manifest failure to disclose material information to United, United is entitled to rescind the United policy and is not obligated to reimburse any losses claimed thereunder.

18. United is prepared to do everything necessary to restore the parties to the United policy in 2007 to the status quo as of the date that the United policy was issued.

## FIRST COUNTERCLAIM
### (MATERIAL MISREPRESENTATION)

19. United repeats and realleges paragraphs 1 through 18 hereinabove as though fully set out hereat.

20. Kobsons wrongfully induced United to enter into the United policy in 2007 by material misrepresentations and non-disclosures.

21. United reasonably relied upon such misrepresentations and non-disclosures in deciding whether and upon what terms, if any, to issue the United policy.

22. As a result of relying upon the material misrepresentations and non-disclosures made by or on behalf of Kobsons, United agreed to issue the United policy.

23. United would not have agreed to issue the United policy if the material misrepresentations and non-disclosures had not been made by Kobsons and its representatives, nor would United have agreed to the insurance contract upon the terms provided therein.

## SECOND COUNTERCLAIM
### (FRAUD IN THE INDUCEMENT)

24. United repeats and realleges Paragraphs 1 through 23 hereinabove as though fully set forth hereat.

25. Kobsons induced United to issue the United policy, in pursuit of a course and pattern of conduct designed to conceal the violations assessed against the premises and to

thereby wrongfully profit from its material misrepresentations of fact and material omissions, which it knew to be untrue and inaccurate, and upon which it knew United would rely, and in fact did rely, to its detriment.

26. Kobsons and its representatives were aware that United would rely upon Kobsons' representations, and Kobsons insured the premises with United without disclosing the truth and, by artful concealment, hiding same.

27. United would not have agreed to insure Kobsons' liability or property risks in the premises if it had not been for Kobsons' material misrepresentations and concealment.

28. Kobsons' actions constitute willful, reckless and egregious misconduct.

29. As a result of Kobsons' fraudulent course of conduct in inducing United to enter into the United policy in 2007, United has been forced to incur legal expenses.

WHEREFORE, defendant-counterclaimant United demands judgment as follows:

A. dismissing the complaint of Kobsons, together with costs, disbursements and attorneys' fees, and for such other and further relief as this Court deems just and proper.

B. on the first counterclaim, for judgment declaring that:

   (1) the United policy between the parties null, void _ab_ _initio_ and rescinded;

   (2) United is not obligated to defend or indemnify Kobsons under the United policy; and

   (3) for costs, disbursements, attorneys' fees, and costs of investigation, together with such other and further relief as this Court may deem appropriate.

C. on the second counterclaim, for judgment:

   (1) declaring that Kobsons committed willful fraud by way of material misrepresentations and omissions and to have conducted the fraudulent course of conduct described herein;

(2) awarding United damages, including its costs of investigation and legal fees; and

(3) for costs and disbursements of this action, together with such other and further relief as this Court deems just and proper;

## JURY DEMAND

Defendant demands a trial by jury, pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, of all issues triable of right by a jury.

Dated: New York, New York
December 14, 2007

Yours, etc.

By: _____
Marina A. Spinner, Esq. (9959)
Nicoletti Gonson Spinner & Owen LLP
Attorneys for Defendant
United National Specialty Insurance Company
555 Fifth Avenue – 8th Floor
New York, New York 10017
(212) 730-7750
Our File: 10111.00405

TO:   Brill & Associates, P.C.
Attorneys for the Plaintiff
111 John Street, Suite 1070
New York, NY 10038
(212) 374-9101
File No.: 1293-CDK